Curia, per Harper, Ch.
I am satisfied that the decree was erroneous, from the circumstance of my having overlooked the Act of Assembly of 1817, which provides, in very explicit terms, “ that all leases or contracts in writing, hereafter to be made between landlord and tenant; for a longer term than twelve months, shall not be valid in law, against the rights and claims of third persons, unless the same shall have been recorded in the office of Mesne Conveyances, at least within three months from the time of the execution thereof.” In the circuit decree, I have adverted to the distinction between the notice to supply the *212 defect of registration and to rebut an equity — a distinction which seems to be generally recognized.
It is not necessary to refer to the numerous authorities cited in argument, which fully establish what was contended for; that to supply the want of registration, the notice must be full, explicit, and clearly proved; nor did I intend to determine, by the decree, that the notice which I supposed to be proved in the present case, was sufficient for this purpose. Lis pendens, which is notice to rebut an equity, will not supply the want of registration. Wyatt vs. Barwell, 19 Ves. 439. In Harris vs. Anderson, 1 Bail. 315, which was cited on behalf of the appellee, it is said that the notice must be express. In Price vs. White, 1 Bail. 266, Judge Colcock thinks the courts have gone too far in permitting any notice to avail against the express words of the statute. In Martin vs. Sale, 1 Bail. Eq. 4, and in numerous other cases, it is put on the ground of fraud; the party ought not to derive a benefit from his own fraud. Indeed, the well known principle, on which alone courts have thought themselves authorized to dispense with the words of a statute, as in the analogous case of the statute of Frauds, is that you are not to suppose the Legislature to have intended that a statute made for the prevention of frauds, should itself be made the instrument of fraud. Then, if according to the argument on behalf of the appellee, there can be no question of fraud in the present case, as the purchaser shall be intended to have purchased only the reversion with the subsequently accruing rents, there is no ground whatever on which the court would be authorized to depart from the positive terms of the statute. I think, too, that it was mistakenly said in the decree, that though the Bank itself might have resisted performance, on the ground of want of notice, the City Council does not come within the principle that a purchaser from a bona fide purchaser without notice is to be protected.
Then, as to the mortgagees of the furniture; as performance of the principal contract, for the house itself, cannot be enforced, the only ground of equity on which the court would enforce the performance of a contract relating to personalty, that of being incidental to the former, and necessary to give it beneficial effect, fails, and the furniture *213 musí be delivered them. They must, however, pay their own costs. I think, too, the court must decree the delivery of the possession of the Hotel. It is the well known rule of the court, that having jurisdiction and possession of the cause, it will do complete justice between the parties, and make an end of litigation. When the court restrains proceedings at law, for the recovery of money, it is the familiar practice of the court, if relief be refused at the hearing, to direct the payment of the money by its own decree. Here, the complainant, Page, has delayed the City Council from recovering at law, and the mortgagees of the furniture from seizing it under the decree for foreclosure, as we have concluded they were entitled to do, and it would be inequitable that he should still further delay them until the suits at law can be terminated. And an account of rents and profits must also follow. In the case of Cruger vs. Daniel, decided during the present sitting, it has been held that when there is a decree for the delivery of possession, an account of mesne profits to the true owner, follows of course; though the possession may .have been that of a trespasser. But in accounting to the City Council after their title accrued, he must account not for the share of income and profits reserved by his contract with the Charleston Hotel Company, but on the principle of quantum valebat. But this is decreed on the bill of Page. This contract, whether lease or no, being void as to the City Council, there was no ground on which they could sustain a bill for the delivery of possession, nor any necessity for it; nor could they sustain a bill for mesne profits alone. They must therefore pay the costs of that bill. Page, however, must pay the costs of their action at law.
I do not suppose that the mortgagees of the furniture are entitled to an account of hire, quantum valebat. Against the Hotel Company, they would be entitled to interest on their debt. But having notice of Page’s contract, and as I think, bound by it, they, as against him, are entitled to such proportion of the profits as the company would have been entitled to for the furniture, as distinguished from the Hotel. The account must be taken and the apportionment made as directed by the decree.
Badly and Brewster, Solicitors for the Bank of the State of South Carolina.
Eckhard, City Attorney, for the City Council.
A. G. Magrath, for the mortgagees of the furniture;
Yeaclon and McBeth, for the Hotel Company;
■Hunt and Petigru, for Page;
As to the bill of the Hotel Company, the only ground on which it could have been sustained was that it demanded an account. But for this purpose it was unnecessary, as the account could have been taken on the bill of Page. That bill demanded a money balance as due by them to him, whicU could only be established as the result of an account. It was in effect an offer to account, nor does it appear that he ever refused an account. The costs of that bill must, therefore, be awarded against the company.
On the bill of Page, the costs as between tbe complainant and the Hotel Company must depend on the account to be taken, and follow the balance, as it may be found one way or the other. All the other costs of the bill must be paid by the complainant, Page.
It is ordered and decreed, that so much of the decree as establishes the right of the complainant, Page, to enforce performance of his contract, as against the City Council, be reversed; that possession of the Hotel and furniture be delivered as directed; and that the account be taken and the costs paid as before expressed and directed;
Johnson, Dunkin and Johnston, Chancellors, concurred.